**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Morales, et al., | No. CV-19-00340-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Burger King Corporation, | |
| Defendant. | |

Before the Court is Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of Florida Pursuant to 28 U.S.C. § 1404, or Alternatively, to Dismiss Plaintiffs' Complaint (the "Motion"). (Doc. 17) The Motion was fully briefed on May 7, 2019, and oral argument was not requested. (Docs. 22, 23) For the reasons that follow, the Motion will be granted.

**I.     Background**

Raymond Perry and Donna Perry (the "Decedents") entered into two 20-year franchise agreements (together, the "Franchise Agreement") with Burger King Corporation (the "Defendant"). (Doc. 22 at 2) Under the Franchise Agreement, the Decedents operated one Burger King restaurant located at 17015 North 7th Street, Phoenix, Arizona, and another Burger King restaurant at 4025 East Bell Road in Phoenix, Arizona. (Doc. 22 at 2) Upon the Decedents' deaths, the restaurants were left to RDP Enterprises Incorporated and Niki Enterprises Incorporated. (Doc. 22 at 2) The restaurants have been operating with the help of a personal representative of the Decedents' estates, Steve Morales (together with

RDP Enterprises Incorporated and Niki Enterprises Incorporated, the "Plaintiffs"). (Doc. 22 at 2)

The Plaintiffs initiated this case alleging causes of action for breach of contract, among other claims. (Doc. 1-1 at 6) The Plaintiffs allege that the Defendant approved the opening and operation of a competing franchise within one mile of the Plaintiffs' 7th Street restaurant and three miles of the Plaintiffs' Bell Road restaurant. (Doc. 22 at 3) In response, the Defendants filed the Motion arguing that the Franchise Agreement contains a forum selection clause which requires any dispute arising out of the Franchise Agreement to be litigated in the U.S. District Court for the Southern District of Florida.

## II. Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[Section] 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59–60 (2013) (stating "[w]hen the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 571 U.S. at 62–63. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." *Id*. However, in the presence of a valid forum selection clause, the Court shifts its analysis by (i) giving the plaintiff's choice of forum no weight, as the plaintiff now bears the burden of establishing that transfer to the bargained-for forum is unwarranted; (ii) not considering any arguments about the parties' private interests, as private-interest factors weigh entirely in favor of the preselected forum and only public-interest factors may be considered by the

Court; and (iii) applying the selected forum's choice-of-law rules. *Id*. at 62 –65.

A party arguing the unenforceability of a forum selection clause bears a heavy burden, as forum-selection clauses should be enforced unless the party contesting the clause can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching. *Petersen v. Boeing Co.*, 108 F. Supp. 3d 726, 729 (D. Ariz. 2015) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (stating "Forum selection clauses are prima facie valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'"). The opposing party has the burden "to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Manetti-Farrow*, 858 F.2d at 515.

## III. Discussion

In the Motion, the Defendant argues that this case should be transferred to the U.S. District Court for the Southern District of Florida because the Franchise Agreement includes a forum-selection clause mandating that all litigation arising out of the Franchise Agreement be brought in the Southern District of Florida. (Doc. 17 at 3, 5–8) Indeed, Section 21 (C)(2) of the Franchise Agreement plainly states:

> "Franchisee and [the Defendant] acknowledge and agree that the U.S. District Court for the Southern District of Florida, or if such court lacks jurisdiction, the 11th Judicial Circuit (or its successor) in and for Dade County, Florida, shall be the venue and exclusive proper forum in which to adjudicate any case or controversy arising, whether directly or indirectly, under or in connection with this Franchise Agreement except to the extent otherwise provided in this Agreement and the parties further agree that, in the event of litigation arising out of or in connection with this Agreement in these courts, they will not contest or challenge the jurisdiction or venue of these courts."

(Doc. 17-1 at 35)

The Plaintiffs argue that the District of Arizona is the proper forum for this case because

3

(i) the franchises and the Plaintiffs are located in Arizona, and the Franchise Agreement was executed in Arizona; (ii) the Franchise Agreement does not apply to the Plaintiffs; and (iii) the Franchise Agreement is unconscionable, and the forum selection clause is invalid and unenforceable. (Doc. 22 at 5–13)

First, the Court finds that the Plaintiffs have failed to meet the heavy burden of demonstrating that the forum selection clause is invalid and unenforceable. In response to the Motion, the Plaintiffs argue that the Franchise Agreement is unconscionable because the Decedents were not in the position to bargain with the Defendant, as the Decedents were not sophisticated business persons. Furthermore, the Plaintiffs argue that the forum selection clause is invalid because (i) the Decedents were not sophisticated business persons; (ii) issues with subpoenaing witnesses will arise if the case is transferred, which will deprive the Plaintiffs of their day in court; and (iii) Arizona public policy favors litigating issues involving Arizona citizens in Arizona. (Doc. 22 at 9–12)

The Plaintiffs fail to present any argument or evidence showing that the Decedents were forced to enter into the Franchise Agreement, or that the Decedents entered into the Franchise Agreement under duress or fraud. Instead, it appears that the Decedents entered into the Franchise Agreement in 2000 and enjoyed the benefits of the Franchise Agreement until this dispute arose in 2017, near the end of the contract's term. (Doc. 22 at 2–3) The fact that the Decedents were not sophisticated business people or that a change of venue may harm the Plaintiffs' ability to subpoena witnesses is insufficient to overcome a valid forum selection clause. Furthermore, the Plaintiffs' public policy argument about resolving Arizona citizens' disputes in Arizona generally does not overcome public policy concerns about upholding and interpreting contracts according to their terms. *Messina v. Midway Chevrolet Co.*, 221 Ariz. 11, 14 (Ct. App. 2008) (stating courts interpret contracts "according to their plain and ordinary meaning."). Accordingly, the Court finds that the Plaintiffs have failed to set forth any sufficient reasons that would deem the forum selection clause in the Franchise Agreement invalid or unenforceable.

Next, the Plaintiffs make the puzzling argument that the Franchise Agreement does

not apply to them, as the Franchise Agreement was executed by the Decedents, not the Plaintiffs. (Doc. 22 at 6) The Plaintiffs argue that the Defendant has not consented to the transfer of the franchises to the Plaintiffs under the Franchise Agreement, and the Plaintiffs have not otherwise executed the Franchise Agreement. (Doc. 22 at 6) The Court finds that this argument is misguided, as the Plaintiffs clearly bring this action as representatives and successors of the Decedents' estates. (Doc. 1-1 at 2) As representatives of the Decedents' estates, the Plaintiffs are bound by the terms of the Franchise Agreement just as the Decedents would have been bound by the terms of the Franchise Agreement. Separately, it is clear to the Court that each of the Plaintiffs' claims arises out of the Franchise Agreement. The Plaintiffs' breach of contract claim clearly alleges a breach of the Franchise Agreement, and the Plaintiffs' breach of the covenant of good faith and fair dealing claim clearly alleges that the Franchise Agreement is the contract underlying the alleged breach of good faith. (Doc. 1-1 at 4–5) The Plaintiffs argue that their intentional interference with a contract claim does not arise out of the Franchise Agreement; however, this claim is "directly or indirectly" connected to the Franchise Agreement, as the Plaintiffs allege that the "Defendant authorized the opening of another franchise which resulted in decreased traffic and business to Plaintiffs' franchises." (Doc. 1-1 at 6) Therefore, it is clear to the Court that the Plaintiffs are bound by the Franchise Agreement and the forum selection clause.

Finally, the Court finds the fact that the Plaintiffs and the franchises are located in Arizona, in addition to the Franchise Agreement's execution in Arizona, can be given no weight under the *Atlantic Marine* precedent because the Plaintiff's choice of forum and any private considerations may not be included in the Court's analysis. The Court finds that the Plaintiffs have failed to satisfy their burden of establishing that transfer to the Southern District of Florida is unwarranted. Accordingly,

**IT IS ORDERED**:

1. That the Defendant's Motion is **granted**;

2. That the Plaintiffs' Motion to Strike Defendant's Rule 12(b)(6) Motion to

Dismiss (Doc. 22) is **denied as moot**; and

      3. That the Clerk of Court shall **transfer** this matter to the United States District Court for the Southern District of Florida and terminate this case in the District of Arizona.

Dated this 10th day of September, 2019.

_____
Honorable Steven P. Logan
United States District Judge